UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK ASMAR and TINELLE
PROPERTIES, LLC,

    Plaintiffs / Counter-Defendants,

v.

CITY OF WALLED LAKE and DENNIS
WHIT,

    Defendants / Counter-Claimants.
_____/

Case No. 2:16-cv-14101

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS [20]
AND DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE
AMENDED AFFIRMATIVE DEFENSES AND COUNTERCLAIMS [16]**

Plaintiffs Frank Asmar ("Asmar") and Tinelle Properties, LLC ("Tinelle") sued the City of Walled Lake ("City") and its manager, Dennis Whitt ("Whitt"), for alleged constitutional violations arising from Plaintiffs' attempted use of property located at 1109 Decker Road (the "Property"). Before the Court are Defendants' motion for judgment on the pleadings and motion for leave to file an amended affirmative defense and counterclaims. For the reasons set forth below, the Court will grant Defendants' motion for judgment on the pleadings and deny Defendants' motion for leave to file amended affirmative defenses and counterclaims.

**BACKGROUND**

Tinelle Properties purchased the Property in 2003. ECF 1, PgID 3. The Property housed a large mixed-use warehouse and an office space building situated on several acres. *Id.* Tinelle Properties spent resources rehabilitating the Property. *Id.* The City

allegedly notified Tinelle Properties and Frank Asmar that compliance with municipal codes was required before using the Property for commercial storage. *Id.* Compliance with the municipal codes required the installation of a fire suppression system in the warehouse and the clearance of trees from the surrounding area. *Id.* at 4. Installation of a "wet" fire suppression system carried an estimated cost of approximately $1,000,000. *Id.* A "dry" system was not feasible because, if activated, the system would "completely ruin[] the contents of the facility[.]" *Id.* In accordance with City requirements, Tinelle hired "a professional forester" to "name and tag all of the trees [Tinelle] intended to remove[.]" *Id.* Attempts to comply with the municipal codes—"caused solely by the arbitrary and capricious conduct" of the City and Whitt—delayed the opening of a storage facility. *Id.* at 5. Accordingly, Tinelle could not generate revenue sufficient to cover its tax liabilities, *id.*, and the Property was subsequently foreclosed. *Id.*

A new purchaser took possession of the Property and allegedly began to operate an indoor storage facility, but did not comply with the City's fire code. *Id.* The new purchaser also removed trees—in noncompliance with municipal ordinances—and used the land for outdoor storage. *Id.* The new purchaser was allegedly allowed to make renovations without proper permits. *Id.* The City and Whitt's treatment of the new purchaser allegedly "violated Plaintiff's constitutionally protected rights by treating Asmar and Tinelle differently than the new purchaser." *Id.* at 6.

On November 18, 2016, Frank Asmar and Tinelle Properties filed a complaint alleging violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, ECF 1, PgID 7, for which 42 U.S.C. § 1983 creates the cause of action. Defendants answered, ECF 9, and subsequently filed a Motion for Leave to File Amended

Affirmative Defense and Counterclaims, ECF 16, and a Motion for Judgment on the Pleadings, ECF 20.[1] Plaintiffs did not amend the complaint, but instead responded to the motions. ECF 21, 25. The Court held a hearing to address the motions on June 27, 2017 and will now resolve both pending motions.

## STANDARD OF REVIEW

The Court analyzes a Rule 12(c) motion for judgment on the pleadings with the same standard it would employ for a 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The Court accepts as true all well-pleaded material allegations of the pleadings and draws reasonable factual inferences in favor of the non-moving party, but "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), "raise a right to relief above the speculative level, and [] state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). It is not enough to just offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1] Plaintiffs' position regarding Defendants' failure to comply with E.D. Mich. LR 7.1 is well taken. Defendants' motions neither state that they sought concurrence for the relief sought nor provide an explanation for the failure to obtain concurrence. The Court will closely monitor future conduct by the attorneys, but now, the Court will exercise its discretion and elect not to strike the motions. *See* Practice Guidelines for Judge Stephen J. Murphy, III.

*Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 15 governs the Court's analysis of amendments to pleadings. Courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave may be appropriate when there is "undue delay, [a] bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, compulsory counterclaims must be stated if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1).

## DISCUSSION

I. <u>Motion for Judgment on the Pleadings</u>

    A. Exhibits attached to Defendants' Motion for Judgment on the Pleadings will not be considered.

First, the Court must determine the appropriateness of considering exhibits attached to Defendants' Rule 12(c) motion. Because the Court reviews a Rule 12(c) motion as it would a Rule 12(b)(6) motion, it will focus on the Plaintiffs' allegations, but can consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quotation omitted). The Court may also consider exhibits attached to the motion, "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Plaintiffs' complaint does not reference specifically any of the exhibits attached to the Defendants'

4

Motion for Judgment on the Pleadings and, therefore, the exhibits will not be considered.[2]

      B.      Plaintiff Asmar lacks standing to sue.

Federal courts are courts of limited jurisdiction. The standing doctrine helps identify justiciable cases. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing includes three "irreducible constitutional minim[a]": injury in fact ("invasion of a legally protected interest"); a causal connection between the injury and the defendant's alleged conduct; and likelihood that a favorable decision will redress the injury. *Id.* at 560–61. Plaintiff carries the burden of proof on standing. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (noting that standing cannot be "inferred argumentatively from averments in the pleadings" and that a plaintiff must "clearly [] allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute") (internal quotations omitted). A plaintiff alleging harm to a separate entity caused by government regulation "make[s] it substantially more difficult to meet the minimum requirements" of standing. *Allen v. Wright*, 468 U.S. 737, 758 (1984), *abrogated on other grounds by Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014) .

Asmar fails to submit "affidavits or other evidence showing, through specific facts," that the City's alleged conduct caused him injury. *Lujan*, 504 U.S. at 563. Asmar alleges merely that he "is an individual who resides in Oakland County, Michigan," ECF 1, PgID 2, and that at various times City officials communicated with him regarding the Property. Tinelle Properties owned the Property. *Id.* at 3. Asmar does not allege that he suffered an

---

[2] Considering oblique, non-specific references to events potentially contained in exhibits attached to a defendant's 12(c) motion would expand dramatically the number of documents the Court reviewed and could transform the motion into a Rule 56(a) motion for summary judgment. The Court is not inclined to do that.

5

injury or had any connection to Tinelle Properties' alleged injury. Nor does Asmar plead causation or redressability. The Court cannot infer standing "from averments in the pleadings." *FW/PBS, Inc.*, 493 U.S. at 231. Asmar therefore lacks standing to sue and is dismissed from the case without prejudice.

    C.    Ripeness is dispositive of some, but not all, claims.

Plaintiffs' complaint alleges that the City's enforcement—or lack of enforcement—of municipal ordinances violated the Fourteenth Amendment's Due Process and Equal Protection Clauses.[3] ECF 1, PgID 7. Defendants respond that the claims are not ripe for judicial review. ECF 20, PgID 119–23. Ripeness is "determinative of jurisdiction" and therefore the Court must consider the matter to avoid issuing an advisory opinion. *Bigelow v. Mich. Dep't of Natural Resources*, 970 F.2d 154, 157 (6th Cir. 1992). Whether a claim is ripe depends upon the nature of the claim asserted.

The Sixth Circuit recognizes six categories of federal zoning claims. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1215–16 (6th Cir. 1992). Plaintiffs' complaint lacks specificity, but may be fairly construed to encompass four of the six categories.[4]

First, a "just compensation takings claim" seeks just compensation because application of zoning laws "constitutes a taking" of property in violation of the Fifth

---

[3] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

[4] Plaintiffs do not allege a zoning claim under the First Amendment. *Pearson*, 961 F.2d at 1216. While Plaintiffs do allege violations of the Due Process Clause, a "due process takings claim" requires that the property owner seek "invalidation of the zoning regulation," *see id.*, and Plaintiffs seek only money damages. ECF 1, PgID 7–8.

Amendment.[5] *Id.* at 1215. Takings Clause claims ripen when the government actor makes a final decision.[6] *Williamson Cty. Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985)). The final decision must reflect "some sort of an impasse" between the parties' clearly defined positions. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1362 (6th Cir. 1992). In other words, the finality requirement is met when "further administrative action by [the complaining party] would not be productive." *Id.* at 1362–63. A plaintiff need not show finality, however, if "seek[ing] a variance from a zoning regulation would be an 'idle and futile act.'" *Id.* (quoting *Martino v. Santa Clara Valley Water Dist.,* 703 F.2d 1141, 1146 n.2 (9th Cir.1983), *cert. denied,* 464 U.S. 847 (1983)).

Here, to demonstrate ripeness, Plaintiffs would need to allege that Walled Lake made a final decision creating an impasse between the parties; Plaintiffs utilized remedial procedures such as zoning variance applications; Walled Lake provided inadequate procedures; or that remedial procedures were unavailable. Plaintiffs do not allege any of these facts. And so, the claim is not ripe on its face.

As with Takings Clause claims, equal protection zoning claims are not ripe without a showing of finality pursuant to the *Williamson County* decision's analysis. *Bigelow,* 970 F.2d at 158; *see also Bannum*, 958 F.2d at 1362–63. Plaintiffs allege that the new owner

---

[5] The Fifth Amendment's prohibitions were made applicable to the states through the Fourteenth Amendment's Due Process Clause. *See Chicago, B. & Q. R.R. Co. v. City of Chicago*, 166 U.S. 226 (1897).

[6] The concept of finality is distinct from that of exhaustion. "While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy[.]" *Williamson Cty.*, 473 U.S. at 193.

of the Property began using the space for commercial storage in noncompliance of ordinances. ECF 1, PgID 5–6. But Plaintiffs do not allege facts tending to show that the City's non-enforcement of the zoning ordinance constitutes a final decision. The claim is not ripe on its face.

Neither of the remaining two categories require finality and are thus ripe. Arbitrary and capricious substantive due process claims challenge the zoning regulations as lacking a substantial relation to the public health, safety, moral, or general welfare. *Pearson*, 961 F.2d at 1216. "[T]he very existence of an allegedly unlawful zoning action, without more, makes a substantive due process claim ripe for federal adjudication." *Id.* at 1215. Procedural due process claims assert that a municipality employed deficient procedures in pursuing a particular course of action. Procedural due process claims are "instantly cognizable in federal court without requiring a final decision" from a municipal agency. *Nasierowski*, 949 F.2d at 894. The Court will thus analyze those two remaining categories of claims.

      D.      Plaintiffs' arbitrary and capricious substantive due process and procedural due process claims are barred by the statute of limitations.

The duration of the statute of limitations in § 1983 actions depends upon a state law's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). For federal courts sitting in Michigan, "the state's three-year limitations period for personal injury claims" provides the appropriate standard. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws § 600.5805(10)). Federal law determines when the statute of limitations begins to run in § 1983 actions. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The limitations period

8

begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).

Johni Semma purchased the Property in a foreclosure action on October 31, 2012; that action terminated Tinelle's interest in the land. ECF 20-17, PgID 204.[7] Any alleged wrongdoing by the Defendants' enforcement of the fire and tree ordinances must have occurred prior to that date—during Tinelle's ownership of the property. October 31, 2012 marks the latest date by which Defendants knew or should have known of the alleged harm. Plaintiffs were therefore required to bring their claims by October 31, 2015. The Plaintiffs filed the complaint on November 18, 2016.

Plaintiffs aver, however, that the "continuing violation doctrine" tolls the statute of limitations. ECF 25, PgID 283. The doctrine allows courts to consider "conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful [] practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002) (quotation omitted). Plaintiffs' only plausible claim for a continuing violation rests on their unripe equal protection allegations.[8] But the continuing violation doctrine does not apply to the ripe claims and the statute of limitations did not toll. The claims are time-barred.

---

[7] The Plaintiffs do not include dates of relevant events in the complaint. The Plaintiffs do not append the deed transfer or incorporate it by an explicit reference into the complaint. "When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document" that document merges into the pleadings for purposes of reviewing a matter under the 12(b)(6) standard. *Beddal v. State Street Bank and Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998). The Plaintiffs claims depend upon a transfer of the Property from Tinelle to Semma. ECF 1, PgID 5–6.

[8] "The City of Walled Lake and Whit[t] violated Plaintiff's [sic] constitutionally protected rights by treating Asmar and Tinelle differently than the new purchaser of the property." ECF 1, PgID 6.

II. Motion for Leave to File Amended Affirmative Defense and Counterclaims

Defendants seek to amend their affirmative defenses under Rule 15. The Court should freely give leave to amend when justice requires, but deny leave if the amendment would be futile. *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (citation omitted). The Court dismissed all claims pending against the Defendants so amendment would be futile.

Defendants rely upon Rules 13 and 18 to add a state-law counterclaim to recover allegedly delinquent property taxes. The Court may "decline to exercise supplemental jurisdiction over a claim" if it "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court will not take up Defendants' state tax claim.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** Defendants' Motion for Judgment on the Pleadings is **GRANTED [20]**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Amended Affirmative Defenses and Counterclaims [16] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Dated: October 16, 2017

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager